# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| CRYSTAL HELTON, | ) |
| Plaintiff, | ) Civil Action No. |
| v. | ) **Jury Trial Demanded** |
| GENPACT SERVICES, LLC, | ) |
| Defendant. | ) |

## COMPLAINT

CRYSTAL HELTON ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., allege the following against GENPACT SERVICES, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the State of Tennessee therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Pulanski, Tennessee 38478.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation with its offices located at 105 Madison Avenue, 2nd Floor, New York, NY 10016.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that she has had for over a year.

11. Plaintiff has only used this number as a cellular telephone number.

12. Beginning in or before November 2014, and continuing through January 2015, Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis.

13. During the relevant period, Defendant called Plaintiff on her cellular telephone, on average, between one to four times in a given day.

14. Upon information and belief, when contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system.

15. Defendant's telephone calls were not made for "emergency purposes."

16. Plaintiff disputes having ever provided Defendant consent to call her cellular telephone.

17. Despite having never been provided express consent to call Plaintiff, Defendant persisted in calling her on her cellular telephone for several months.

18. For example, Defendant contacted Plaintiff on his cellular telephone at the following dates: October 1, 2014, November 3, 2014, November 4, 2014, November 6, 2014, November 9, 2014, November 10, 2014, November 14, 2014, November 15, 2014, November 16, 2014, November 17, 2014, November 18, 2014, November 19, 2014, November 20, 2014, November 23, 2014, November 24, 2014, November 25, 2014, November 28, 2014, November 29, 2014, December 1, 2014, December 3, 2014, December 5, 2014, December 6, 2014, December 7, 2014, December 16, 2014, December 17, 2014, December 18, 2014, December 19, 2014, December 20, 2014, December 21, 2014, January 12, 2015, January 13, 2015, January 17, 2015, January 18, 2015, January 19, 2015, January 20, 2015, January 23, 2015.

**DEFENDANT VIOLATED THE
<u>TELEPHONE CONSUMER PROTECTION ACT</u>**

19. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

20. Defendant initiated multiple automated calls to Plaintiff using an automatic telephone dialing system.

21. Defendant's calls to Plaintiff were not made for emergency purposes.

22. Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent.

23. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

24. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

25. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, CRYSTAL HELTON, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3);

    e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CRYSTAL HELTON, demands a jury trial in this case.

|   |   |
|---|---|
| | Respectfully submitted, |
| Dated: March 20, 2015 | By: /s/ Amy Lynn Bennecoff Ginsburg <br> Amy Lynn Bennecoff Ginsburg, Esquire <br> BPR # 28563 <br> Kimmel & Silverman, P.C. <br> 30 E. Butler Avenue <br> Ambler, PA 19002 <br> Tel: (215) 540-8888 <br> Fax: (215) 540-8817 <br> Email: aginsburg@creditlaw.com |